# IN THE COURT OF APPEALS OF IOWA

No. 22-1202
Filed March 8, 2023

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JOSHUA ALAN RICHARDSON,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Clay County, Andrew J. Smith, District Associate Judge.

Joshua Alan Richardson appeals the sentence imposed after pleading guilty to possession of methamphetamine. **APPEAL DISMISSED.**

Jack Bjornstad of Jack Bjornstad Law Office, Spirit Lake, for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Joshua Alan Richardson appeals the sentence imposed on his serious-misdemeanor conviction for possession of methamphetamine, first offense. He contends the sentence is illegal because the district court ordered him to serve it in the custody of the Iowa Department of Corrections (IDOC). The State moved to dismiss Richardson's appeal on mootness grounds.[1] After ordering the parties to address the issue in their briefs, the supreme court transferred the appeal to this court. Because we agree the case is moot, we grant the State's motion to dismiss.

The challenged sentence stems from a plea agreement reached in June 2022. At the time, Richardson faced multiple criminal charges in different counties. In a written plea agreement entered on June 22, Richardson stated he was pleading guilty to possession of a controlled substance, first offense, in exchange for the State dismissing charges in two separate Clay County cases. The district court sentenced Richardson for possession the same day. In accordance with the plea agreement, the court sentenced Richardson to serve "a term of incarceration

---

[1] To the point that Richardson asks us to vacate his guilty plea, the State contends he has not established good cause to appeal. *See* Iowa Code § 814.6 (2022) (stating a defendant has no right to appeal a conviction stemming from a guilty plea unless the defendant establishes good cause). Good cause to appeal exists when a defendant challenges a sentence rather than the plea itself. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). Although Richardson challenges his sentence, he asks us to vacate his plea by claiming he was misled about his sentence and therefore his plea was not knowing and voluntary. But Richardson never moved in arrest of judgment to challenge his plea despite being informed that failing to do so would preclude his ability to appeal. He has not established good cause to challenge the knowing and voluntary nature of his plea. *See State v. Tucker*, 959 N.W.2d 140, 153–54 (Iowa 2021) (rejecting a claim that "the concept of good cause" should be expanded to "hold that a claim that a plea is not intelligently or voluntarily made constitutes good cause to appeal as a matter of right" and noting the defendant "waived his right to file a motion in arrest of judgment," which "preclude[d] appellate relief").

of one (1) year in the custody of . . . [IDOC]," which "shall be concurrent to the term imposed in Dickinson County No. FECR023970." But at the time of sentencing, Richardson had not been convicted or sentenced in No. FECR023970. It was not until eight days later, on June 30, that the Dickinson County District Court accepted Richardson's guilty plea[2] on one count of domestic abuse assault, second offense, and sentenced him to a two-year term of incarceration.

Richardson contends the possession sentence is illegal because it is not authorized by statute and thus void. *See State v. Louisell*, 865 N.W.2d 590, 597 (Iowa 2015). Although the one-year term of incarceration falls within the sentencing limits for a serious misdemeanor, s*ee* Iowa Code § 903.1(b), Richardson argues the sentence is illegal because the court ordered him to serve it in IDOC custody.

Iowa Code section 903.4 prescribes the place of confinement for incarcerated defendants. For terms of incarceration of one year or less, the confinement must be "in a place to be furnished by the county where the conviction was had." *Id.* § 903.4. For terms of incarceration lasting longer than one year, the person "shall be committed to the custody of the director of the [IDOC]." *Id.* But when a person sentenced to a term of incarceration of one year or less is already committed to the custody of the director of the [IDOC], "the sentence shall be

---

[2] The June 30 order entering judgment and sentence on Richardson's plea to the domestic-abuse-assault charge states that Richardson pled guilty on June 21, one day before he pled guilty to the possession charge. It appears the discrepancy here occurred because the judgment and sentence were entered on the possession charge the same day as the plea agreement was entered, while nine days passed before the domestic-abuse-assault charge resolved.

served at the facility or institution in which the person is already confined." *Id.* §§ 901.8, 903.4.

The court sentenced Richardson on the possession charge as though he was already committed to IDOC custody. He was not. It was eight days later that a different court sentenced him to a two-year term of incarceration in IDOC custody for domestic abuse assault. Because the provision of section 903.4 related to those already in IDOC custody did not apply at the time the court sentenced him on the possession charge, Richardson argues his possession sentence is illegal.

The State concedes that the court imposed an illegal sentence for possession, but it contends the sentence imposed on Richardson's domestic-abuse-assault conviction renders this appeal moot. An appeal is moot when it no longer presents a justiciable controversy because the issues involved are academic or nonexistent. *See Perkins v. Bd. of Supervisors of Madison Cnty.*, 636 N.W.2d 58, 64 (Iowa 2001). The question is "whether the opinion would be of force or effect in the underlying controversy." *Id.*

This case is most like *State v. Liendo*, No. 10-0920, 2011 WL 446550, at *1 (Iowa Ct. App. Feb. 9, 2011). In *Liendo*, the court sentenced the defendant to one year in county jail and ordered the sentence to run concurrent with the sentence imposed in an unresolved criminal case. 2011 WL 446550, at *1. Because the defendant was later acquitted of the charges in that case, there was nothing for the sentence to run concurrent to. The defendant appealed the illegal sentence. *Id.* This court agreed the sentence was illegal because "the court cannot order a sentence to run concurrently with a sentence that has neither been earlier imposed nor is contemporaneously imposed." *Id.* at *3. But we found no reason to reverse

and remand for resentencing there was nothing to correct; the defendant never claimed or showed "that he has been or will be adversely affected by the court's action." *Id.*

As in *Liendo*, the sentence was illegal when it was imposed, but there is nothing to correct. As the State notes, we cannot "unwind time" to correct the eight days of the possession sentence Richardson illegally served in IDOC custody before he was sentenced on the domestic-abuse-assault charge. *See Christensen v. Iowa Dist. Ct. for Polk Cnty.*, 578 N.W.2d 675, 680 (Iowa 1998) ("[I]t would be futile to remand this case because the district court cannot correct that portion of the sentence we have found illegal; Steven has already served that part of his sentence."). And there is nothing to correct now because Richardson is serving a term of incarceration in IDOC custody on his domestic-abuse-assault conviction. If we were to vacate his sentence and remand, section 903.4 requires that the court resentence Richardson to serve his possession sentence at the same facility he is now serving, which is in IDOC custody. In other words, resentencing would lead to imposition of the same sentence he appeals from. Because an opinion remanding for resentencing would have no force or effect, the appeal is moot.

**APPEAL DISMISSED.**